# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **KENNER FITZGERALD JACKSON** | **CIVIL ACTION NO. 08-1304-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WILLIE R. LEDAY** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for a writ of habeas corpus filed by pro se petitioner Kenner Fitzgerald Jackson, pursuant to 28 U.S.C. § 2241. This petition was received and filed in this Court on August 29, 2008. Petitioner is on supervised release living in Shreveport, Louisiana. He names Willie R. Leday as respondent.

On August 12, 1992, Petitioner was convicted of one count of escape from the custody of the Attorney General in the United States District Court for the Central District of California. On October 26, 1992, he was sentenced to 60 months imprisonment and three years supervised release. (92-cr-432). On August 17, 1992, Petitioner was convicted of four counts of bank robbery in the United States District Court for the Central District of California. On October 26, 1992, he was sentenced to 210 months imprisonment and three years supervised release. (92-cr-418). Petitioner filed his first Section 2255 motion in case

#92-cr-418 on November 4, 1996, which was denied by the United States District Court for the Central District of California on March 28, 1997. He filed two more Section 2255 motions which were denied on July 19, 2002 and March 2, 2006. Petitioner filed his first Section 2255 motion in case #92-cr-432 on January 17, 2003, which was denied by the United States District Court for the Central District of California on April 1, 2003. He filed one more Section 2255 motion which was denied on March 2, 2006.

For the reasons that follow, Jackson's petition should be dismissed without prejudice for failure to obtain prior authorization from the United States Court of Appeals for the Ninth Circuit as set forth under Sections 2255 and 2244.

## LAW AND ANALYSIS

Petitioner files this action as a habeas corpus petition under 28 U.S.C. § 2241. However, he expressly seeks to have his sentences vacated and set aside. The undersigned is concerned that Petitioner filed this petition under Section 2241 to circumvent the consequences of 28 U.S.C. § 2244(a) which precludes Petitioner from filing a successive motion to vacate without obtaining prior authorization from the Ninth Circuit.[1]

Section 2241 is the proper vehicle used to attack the manner in which a sentence is being executed, and Section 2255 is the proper means of attacking errors that occurred

---

[1] 28 U.S.C. § 2255, provides in pertinent part, "A second or successive must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . ."

during or before sentencing.² Ojo v. INS, 106 F.2d 680, 683 (5th Cir.1997).

Petitioner's claim for habeas corpus relief rests entirely upon the premise that his sentences are invalid. The petition is devoid of any claim solely directed to the manner in which the sentences are being executed. He expressly seeks that his sentences be vacated and set aside as a result of events which occurred prior to and during his sentencing hearings.

"A petition under § 2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided for under [28 U.S.C.] §2255 is 'inadequate or ineffective to test the legality of his detention.'" Cox v. Warden, Federal Detention Center, 911 F.2d 1111 (5th Cir. 1990) citing McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

Petitioner has not made any allegations which would lead this court to conclude that the remedy under Section 2255 is an inadequate or ineffective means for challenging his

---

²This court is not the proper forum for such a claim inasmuch as a Section 2255 motion should be filed in the court where the criminal conviction and sentence were imposed. A motion to vacate sentence is ordinarily presented to the judge who presided at the original conviction and sentencing. Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). 28 U.S.C. §2255 provides, in pertinent part,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. (emphasis added).

detention. The only basis for such a conclusion would be that he has already filed an unsuccessful Section 2255 motion. However, the Fifth Circuit has recently held that "a prior unsuccessful §2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make §2255 inadequate or ineffective." Jeffers v. Chandler, 234 F.3d 277, 280 (5th Cir. 2000); Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Thus, the undersigned is unwilling to find that the remedy afforded under Section 2255 is inadequate or ineffective to test the legality of Petitioner's custody or that this court may properly entertain the present application under Section 2241.

Accordingly,

It is recommended this suit be dismissed without prejudice for failure to obtain prior authorization from the United States Court of Appeals for the Ninth Circuit as set forth under Sections 2255 and 2244.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** in Chambers at Shreveport, Louisiana, this 30th day of March, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE